## In Equity.

### William R. Allan *vs.* Nelson S. Allan et als.

### Washington. Opinion February 7, 1906.

*Taxation of Costs in Equity Proceedings. Practice Established. Chancery Rules. Statute 1867, c. 89. R. S., c. 79, §§ 11, 12.*

I. Usually it rests in the sound discretion of the court whether costs in equity shall be awarded to either or neither party.

2. In the absence of any statutory provision, or rule of court, if costs are awarded, the court will exercise its discretion as to the specific items which may be allowed.

3. There are no terms of court in equity proceedings. On motion of either party a cause in equity is set down for a hearing at such time as the court shall order.

4. In equity, costs for travel and attendance do not depend upon terms of court, but only upon hearings, whether they be held during a term or otherwise.

5. A party to whom taxable costs are awarded is entitled to an allowance of two dollars for each day's attendance at a hearing before a justice, or

a master, and of thirty-three cents for every ten miles travel, to attend such a hearing, not exceeding forty miles, unless he makes affidavit that he actually traveled a greater distance for the purpose of attending such hearing.

In equity. On exceptions by defendants. Sustained.

Exceptions to the ruling of a single justice affirming, on appeal therefrom, a clerk's taxation of costs in an equity proceeding.

The case is fully stated in the opinion.

*B. B. Murray*, for plaintiff.

*C. B. & E. C. Donworth*, for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

SAVAGE, J. Exceptions to the ruling of a single justice affirming, on appeal, a clerk's taxation of costs in equity. The original bill was filed in the clerk's office May 6, 1901. Subpoena issued returnable at the following August Rules, at which time the defendants appeared. Their answer was filed October 3, 1901. A preliminary injunction was granted, without objection, October 11, 1901, in term time. On March 24, 1902, the plaintiff filed an amendment to his bill, withdrawing the original allegations, and praying for relief upon entirely new and different grounds. The amendment was allowed without objection, at the following April term, upon payment by plaintiff of one bill of costs. The defendants filed their answer to the amended bill, November 5, 1902, and replication was filed at the April term, 1903. At the October term, 1903, an interlocutory decree was entered by consent of parties, sending the cause to a master for an accounting. A hearing was had by the master December 22, 1903, and the master's report was filed at the April term 1905, when objections were filed by the defendants to the acceptance of the report for defects appearing therein, and the cause was thereupon recommitted to the master. The master's amended report was filed June 8, 1905. The cause was finally heard by a single justice, June 9, 1905, and a final decree was filed August 2, 1905, in which it was adjudged that "the plaintiff recover his taxable costs against the defendants." In taxing the costs, the clerk allowed the plaintiff

for travel and attendance, as in actions at law, for thirteen terms of court, that being the whole number of terms of court in that county between the filing of the bill and the date of the final decree. No other allowance for travel and attendance was made. The present controversy relates solely to the costs taxed by the clerk for travel and attendance, as stated above.

There is no general statute regulating the recovery of costs in suits in equity. There are some instances where the statutes provide that costs *shall* be awarded, as for example, in bills for redemption from mortgages, under some conditions, the plaintiff is "entitled to judgment for redemption *and costs.* But usually it rests in the sound discretion of the court whether costs shall be awarded to either or neither party, as equity shall require. *Stilson* v. *Leeman,* 75 Maine, 412. As to the specific items which may be allowed, if costs are awarded, the court will exercise its discretion, in the absence of any statutory provision or rule of court. As was said by the court in answer to the requirement of chapter 89 of the Laws of 1867, that the Justices of the Supreme Judicial Court should "prepare a schedule or tariff of legal taxable costs, as provided by statute":— "There are very many services important and necessary in the administration of justice, and for which those rendering them are justly entitled to compensation, when no fees are established by statute, and where none can well be established in advance . . . In such cases when no fees are established, or 'authorized by statute,' the court claims and exercises the right of supervising charges, if objected to and found unreasonable, and of making suitable deductions." 55 Maine, 595. And to their answer the justices appended a schedule of "Fees in Equity Cases" which were proper to be allowed, but for which there was no statute provision.

From time to time, the court, in its Chancery Rules, has established schedules of fees which may be taxed as costs in equity suits, and which, so far as applicable, are controlling, 72 Maine, at p. 600; 82 Maine, at p. 605.

In the taxation before us the clerk seems to have followed, by analogy, the rule in suits at law, where the allowance for travel and attendance is regulated and measured by the number of terms of

court while the action is pending. There are however no terms of court in equity proceedings, except that process is made returnable to the first day of a term of court, in case the bill is inserted in a writ of attachment, and may be made so returnable when a clerk issues a subpœna as a matter of course. The subpœna may be made by the clerk, returnable at a rule day, or it may be made returnable on any day in or out of term, by order of court R. S., chap. 79, sect. 12. Rule days, monthly in each county, are established by the court "for the proper despatch of equity business, when and where all processes shall be returnable, unless otherwise ordered by the court, or directed by statute." Chancery Rule III. But now, by statute, as formerly by rule of court, (72 Maine, p. 584,) the court is always open in each county for equity proceedings, except upon days in which, by law, no court is held. R. S., chap. 79, sect. 11. It is open every juridical day, rule days and term time included. When ripe for hearing on interlocutory or on final issues, a cause is set down on motion of either party, for a hearing, at such time as the court shall order. For convenience merely, in many counties, equity causes are usually heard in term time. In other counties they are rarely so heard. As a matter of practice, in some counties, at least, the equity causes are not carried upon the term docket. They are not called as a part of the continued docket. They are not, in any event, a part of the term's work, except as they may be set down for hearing by the court, for its own convenience, or the accommodation of parties, or where issues are presented for the determination of the jury. It follows that costs for travel and attendance do not depend upon terms of court, but upon hearings. This conclusion is not inconsistent with the decision in *Stilson* v. *Leeman,* supra, where it is held that "travel and attendance should be taxed as in actions at law *when the case is heard or made up at a regular term of court.*" In that case too an item for attendance before a single justice, not in term time, was disallowed, for the reason that the party finally awarded costs did not prevail at that hearing, the implication being that if he had prevailed he would have been allowed for that attendance.

The only rule in chancery which touches an allowance for travel

or attendance, provides that "upon exceptions to a bill or answer travel and attendance shall be taxed as follows: — for every ten miles' travel of a party to attend a hearing before one of the justices, or before a master, thirty-three cents; but no more than forty miles' travel shall be taxed in any case, unless the party shall make an affidavit that he actually traveled a greater distance for the purpose of attending such hearing; for each day's attendance at a hearing before a justice, or before a master, two dollars shall be taxed." 72 Maine, at p. 601; 82 Maine, 605. This rule is limited and relates only to the allowance for travel and attendance at hearings on exceptions to a bill or answer, even though the hearing may be before a master. For such exceptions may be referred to a master. Whitehouse Eq. Prac. sect. 464.

The practice in taxation by clerks in this state has not been uniform; but in one case only, *Stilson* v. *Leeman*, has the question of allowance for travel and attendance been presented for the determination of this court. In that case travel and attendance were taxed as in actions at law, for the reason, as it seems, that the case was heard or made up in term time. But we think the better practice, and one which we now approve, is to follow the rule established for fees at hearings on exceptions to bill or answer. The situations are entirely analogous. And by applying this rule, there will follow a single uniform practice covering costs at hearings of all kinds.

The plaintiff is entitled to no costs until after his amendment to his original bill was filed. He then started with a new bill. The case shows that the plaintiff should recover for attendance at five hearings, at two dollars each, — namely, when the cause was sent to a master, when the cause was heard by the master, when the objections to the master's report were heard, when the parties were heard by the master upon the recommittal of his report, and when the cause was finally heard by a single justice. We allow the third item, not because the plaintiff prevailed in that instance, which he did not, but because the difficulty seems to have arisen through inherent defects in the report itself.

The plaintiff is also entitled to recover for travel to these hearings,

but as the number of miles traveled is not shown in the case, we are unable to determine the amount.

> *Exceptions sustained. Appeal sustained. Clerk's taxation to be modified by him in accordance with this opinion.*